9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abdol Majid SAMIA, Defendant-Appellant.
 No. 92-10596.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abdol Majid Samia appeals his convictions following entry of guilty pleas to two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Samia contends the district court erred by denying his motion to withdraw his guilty pleas because the district court had previously denied his motion for a continuance in order to obtain substitute counsel and this action coerced him into entering an involuntary guilty plea.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for abuse of discretion the district court's denial of a Fed.R.Crim.P. 32(d) motion to withdraw a guilty plea. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). We review de novo the voluntariness of a guilty plea. Id. A district court may permit withdrawal of a guilty plea before sentencing for any "fair and just reason." Fed.R.Crim.P. 32(d). A defendant has no right to withdraw his guilty plea, United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984), rather, the decision to allow withdrawal is within the sound discretion of the district court, United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). A defendant bears the burden of showing a fair and just reason for withdrawal. Castello, 724 F.2d at 814. Rule 32(d) must be read along with Fed.R.Crim.P. 11, United States v. Rios-Ortiz, 830 F.2d 1067, 1070 (9th Cir.1987), which requires the district court to determine "that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement," Fed.R.Crim.P. 11(d).
 
 
 4
 "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative course of action open to the defendant.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)); Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986 ("A guilty plea must be the voluntary expression of the defendant's own choice."). Because "[s]olemn declarations in open court carry a strong presumption of verity" when the defendant enters a guilty plea, United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.), cert. denied, 484 U.S. 382 (1987), a district court is entitled to credit sworn testimony offered at a Rule 11 hearing over subsequent conflicting statement, Castello, 724 F.2d at 815.
 
 
 5
 Samia moved for a continuance to obtain substitute counsel on the morning of the day set for trial. As grounds for this motion, Samia alleged that his appointed counsel had only met or spoken with him twice in the five or six months prior to the day of trial, had refused to return his telephone calls, and had not conducted an adequate investigation. Samia also told the district court that he had been negotiating with an attorney for several months in an attempt to secure retained counsel and had even paid a retainer to one counsel who had not yet decided whether he would represent Samia. The district court denied the motion for continuance as untimely.
 
 
 6
 Later that same morning, Samia entered into a plea agreement wherein he agreed to plead guilty to two counts of his seven count indictment. At the change of plea hearing, but before he was sworn, Samia replied "I have no choice, I plead guilty" when asked what his changed plea was. After swearing in Samia, the district court engaged in the following colloquy with Samia:
 
 
 7
 THE COURT: Mr. Samia, you just said you have no choice. You have a choice. If you want to plead not guilty, we are going to start trial today on all the counts. Now, what is your choice? Guilty or not guilty? Don't tell me you have no choice because you have a choice.
 
 
 8
 SAMIA: Well, Your Honor at the beginning of the trial I tried to explain.
 
 
 9
 THE COURT: You did explain, but I am not accepting your explanation. You have been sitting on your duff for four or five months. You can't get a new attorney on the day of trial. It's as simple as that. Do you want to plead guilty? Or do you want to go to trial? That's your choice.
 
 
 10
 SAMIA: Okay, sir, I am guilty.
 
 
 11
 THE COURT: You want to plead guilty.
 
 
 12
 SAMIA: Correct.
 
 
 13
 THE COURT: Don't tell me you have no choice. It's your choice. You can say I want to plead not guilty. The jury is upstairs. We are all ready to start trial. It's your choice. Is it you choice to plead guilty?
 
 
 14
 SAMIA: Yes.
 
 
 15
 Samia responded in the negative when the district court asked if "any threat [had] been made or any force been used to get you to change your plea." He stated that he had discussed the facts and circumstances of his case with his counsel and talked with his counsel about whether it was in his best interests to change his plea. Samia's counsel also stated that he had conferred with Samia about the change of plea and that he believed Samia's plea was voluntary. Samia acknowledged his understanding of his constitutional rights and was informed of the maximum penalties which he faced. Finally, although he minimized his role in the offenses of conviction, he admitted to a sufficient factual basis to sustain his plea.
 
 
 16
 Clearly, Samia was not completely satisfied with the representation he received from trial counsel.[2] Nonetheless, despite Samia's desire to engage new counsel, he himself testified had not been coerced into entering his plea and that he understood the consequences of doing so. Furthermore, the district court informed him in no uncertain terms that he did not have to plead guilty if he did not want to. In light of this evidence, we cannot say that Samia's guilty plea was involuntary or that the district court abused its discretion by declining to grant his motion to withdraw his guilty plea. See Zweber, 913 F.2d at 711; Rios-Ortiz, 830 F.2d at 1070.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline Samia's invitation to review the district court's decision not to grant the requested continuance. The relevant issue here is not whether the district court erred by denying the motion for a continuance, but rather whether the plea which Samia entered following denial of the motion was voluntary and intelligent
 
 
 [2]
 In fact, Samia obtained new counsel after he entered his plea. It was this counsel which filed and argued the motion to withdraw Samia's guilty plea