811 F.2d 491
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo RUBALCABA, Defendant-Appellant.
 No. 85-5161.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 5, 1986.*
Decided Feb. 25, 1987.
 
 Phillip I. Bronson, Encino, Cal., for defendant-appellant.
 J. Stephen Czuleger, Los Angeles, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before ALARCON, BRUNETTI and NOONAN, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Alfredo Rubalcaba appeals the district court's denial of his motion to withdraw a guilty plea. Rubalcaba contends his plea was taken in violation of Federal Rule of Criminal Procedure 11 because (1) he did not knowingly and voluntarily waive his right to a jury trial, (2) the district court failed to explain the special parole term, (3) the district court failed to establish a factual basis for the conspiracy charge, and (4) Rubalcaba did not understand the plea agreement. Rubalcaba also contends that he was denied effective assistance of counsel, the imposition of sentences on counts I and IV constitute double jeopardy, and his due process rights were violated because he did not have sole access to his interpreter.
 
 
 2
 We reject Rubalcaba's contentions and affirm.
 
 I.
 Background
 
 3
 On December 4, 1984 an indictment charged Rubalcaba with conspiracy to possess and distribute heroin (count I), distributing heroin (count II), possession of a firearm during the commission of a felony (count III), possession with intent to distribute heroin (count IV), and assaulting a federal officer (count V). Rubalcaba pled guilty to counts I through IV on February 12, 1985. In return, the government dismissed count V and agreed not to contest the imposition of concurrent sentences on counts I and II.
 
 
 4
 Before sentencing, Rubalcaba filed a motion under Federal Rule of Criminal Procedure 32(d) to withdraw his plea and a motion under Rule 32(c)(3)(D) to correct his presentence report. The grounds for withdrawal of the plea were that Rubalcaba misunderstood the plea agreement, that he was denied effective representation, and that he did not knowingly and intelligently waive his right to a jury trial. After a hearing, the district court denied Rubalcaba's Rule 32(d) motion and granted his motion to correct the presentence report. Rubalcaba timely appealed.
 
 II.
 Standard of Review
 
 5
 This court's reviews a district court's denial of a motion for withdrawal of a guilty plea for abuse of discretion. United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985); United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254, 104 S.Ct. 3540, 82 L.Ed.2d 844 (1984). Federal Rule of Criminal Procedure 32(d) states that "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." The defendant has no "right" to withdraw his plea. Castello, 724 F.2d at 814 (citing United States v. Youpee, 419 F.2d 1340, 1343 (9th Cir.1969)). Most courts have relied on dictum in Kercheval v. United States, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), to define the fair and just standard. Fed.R.Crim.P. 32 advisory committee note; see, e.g., United States v. Navarro-Flores, 628 F.2d 1178, 1183 (9th Cir.1980); United States v. Webster, 468 F.2d 769, 771 (9th Cir.1972), cert. denied, 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973). In Kercheval the Supreme Court stated that a court shall "vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence." 274 U.S. at 224, 47 S.Ct. at 583.
 
 III.
 Analysis
 A. Federal Rule of Criminal Procedure 11
 1. Jury Trial Waiver
 
 6
 Rubalcaba first contends that he did not expressly waive his right to a jury trial. Therefore, he argues, his guilty plea was not knowingly and intelligently given as required by Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). See also Fed.R.Crim.P. 11(c)(3), (4) (court must inform defendant that he has "the right to be tried by a jury" and that by pleading guilty "he waives the right to a trial"). This court has stated that "Boykin does not require specific articulation of the rights being waived by the guilty plea." United States v. Freed, 703 F.2d 394, 395 (9th Cir.), cert. denied, 464 U.S. 839, 104 S.Ct. 131, 78 L.Ed.2d 126 (1983). The trial court informed Rubalcaba that he had a right to trial by jury. That the court later told Rubalcaba he was waiving the right to "trial" rather than "jury trial," is not a "fair and just" reason to permit Rubalcaba to withdraw his plea.
 
 2. Special Parole Term
 
 7
 Rubalcaba claims the district court erred by failing to explain the effect of a special parole term before accepting Rubalcaba's plea. Rubalcaba failed to raise this claim below in his motion to withdraw his plea. As a general rule, we will not consider issues raised for the first time on appeal. Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 8
 In Bolker we discussed exceptions to this general rule. Id. Rubalcaba fails to satisfy any of these exceptions. He has not shown " 'exceptional circumstances why the issue was not raised below.' " International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) (quoting Taylor v. Sentry Life Insurance Co., 729 F.2d 652, 655-56 (9th Cir.1984) (per curiam)). Rubalcaba has also failed to show the government suffered no prejudice by his failure to raise the issue in his motion to withdraw. To fall under the second Bolker exception, Rubalcaba must demonstrate that the government would not have presented new evidence or made new arguments at the hearing on the motion to withdraw the plea if Rubalcaba had raised the issue in his motion or at the hearing. United States v. Gabriel, 625 F.2d 830, 832 (9th Cir.1980) (citing United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978)), cert. denied, 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 843 (1981). Rubalcaba has not made such a showing. Therefore, we will not consider the merits of Rubalcaba's claim.
 
 
 9
 We also decline consideration of Rubalcaba's claims that the district court failed to establish a sufficient factual basis for Rubalcaba's plea to the conspiracy count and that his due process rights were violated because he did not have sole access to his interpreter during his plea hearing. Rubalcaba did not raise these issues below and fails to satisfy any of Bolker 's exceptions. Thus, we need not consider these issues.
 
 3. Plea Agreement
 
 10
 Rubalcaba next claims that his plea was not knowing and voluntary because he misunderstood the plea agreement. Rubalcaba contends he did not know his sentences could run consecutively.
 
 
 11
 The trial court need not inform the defendant that the sentences to each count may run consecutively. United States v. Hamilton, 568 F.2d 1302, 1304-05 (9th Cir.) (per curiam), cert. denied, 436 U.S. 944, 98 S.Ct. 2846, 56 L.Ed.2d 785 (1978). However, Rule 11(d) requires that the district court determine that a plea is voluntary "and not the result of ... promises apart from a plea agreement." At the plea hearing, Rubalcaba's attorney stated that the plea agreement included concurrent sentences only as to counts I and II. Rubalcaba affirmed that the government bargained only to dismiss one count and not to oppose concurrent sentences on counts I and II. Moreover, when Judge Ideman asked appellant whether "anyone made any promise of a lesser sentence or penalty in order to get you to plead guilty today," Rubalcaba replied, "No." "Solemn declarations in open court carry a strong presumption of verity." United States v. Moore, 599 F.2d 310, 314 (9th Cir.1979) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)), cert. denied, 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980). Rubalcaba's claim is meritless.
 
 B. Ineffective Assistance of Counsel
 
 12
 Rubalcaba's claim that he did not understand the plea agreement amounts to one of ineffective assistance of counsel. It is indistinguishable from his claim that his attorney erroneously told him sentences on all four counts would run concurrently.
 
 
 13
 This court recently reiterated the two-part test to evaluate claims of ineffective assistance of counsel. First, the " 'defendant must show that counsel's representation fell below an objective standard of reasonableness.' " Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). Second, counsel's error must have prejudiced the defendant. Id. (quoting Strickland, 466 U.S. at 692, 104 S.Ct. at 2067).
 
 
 14
 Even if Rubalcaba's attorney acted incompetently by misinforming him of the nature of the plea bargain, Rubalcaba has failed to show this act prejudiced him. In Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir.1984), cert. denied, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985), appellant Chua claimed he had not been informed of the maximum possible sentence before pleading guilty. This court held Chua's claim of ineffective representation meritless because the district court adequately informed Chua of the maximum possible sentence and because Chua stated at the plea hearing that he was satisfied with his attorney. Id. at 1311; see also United States v. Boniface, 601 F.2d 390 (9th Cir.1979) (defendant not prejudiced by counsel's statement that he would only get a five-year sentence because court clearly told defendant it was not bound to accept plea agreement).
 
 
 15
 In the present case, Rubalcaba acknowledged that the plea agreement only included concurrent sentences on counts I and II. Additionally, Rubalcaba affirmed that he was satisfied with his attorney. Under Chua Han Mow, appellant's claim of ineffective representation must fail for lack of prejudice.
 
 
 16
 Rubalcaba also claims his attorney acted incompetently by delaying the plea bargaining discussion. Again, Rubalcaba fails to demonstrate prejudice. The government's later offer had benefits the first did not.
 
 C. Double Jeopardy
 
 17
 Count I charges Rubalcaba with a conspiracy to distribute and possess with intent to distribute heroin. Count IV charges Rubalcaba with possession with intent to distribute heroin. Rubalcaba argues imposition of sentences on both counts violates the double jeopardy clause.
 
 
 18
 "The double jeopardy clause does not prohibit prosecution for both conspiracy and a substantive offense based on the same conduct." United States v. Huber, 772 F.2d 585, 591 (9th Cir.1985). Additionally, under the test articulated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), each count requires proof of facts the other does not. For example, conspiracy requires proof of an agreement while possession requires proof of intentional and actual possession. Compare 21 U.S.C. Sec. 846 with 21 U.S.C. Sec. 841; see also Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975) (describing Blockburger test).
 
 
 19
 Appellant asks this court to use the "same evidence" test of United States v. Austin, 529 F.2d 559 (6th Cir.1976). This court has rejected the Sixth Circuit's approach on several occasions. United States v. Wylie, 625 F.2d 1371, 1381 n. 14 (9th Cir.1980), cert. denied, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981); United States v. Kearney, 560 F.2d 1358, 1365-67 (9th Cir.), cert. denied, 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977). In sum, Rubalcaba's double jeopardy claim is meritless.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a)