953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RESOLUTION TRUST CORPORATION, Plaintiffs-Appellant,
v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant-Appellee.
 No. 90-56157.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1991.
Decided Jan. 31, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and ORRICK, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Resolution Trust Corporation (RTC) concedes that California Union Insurance Co. v. American Diversified Savings Bank, No. 89-55843, slip op. 14817 (9th Cir. Oct. 30, 1991), forecloses its argument that the automatic termination clause in the fidelity bond violates public policy. See id. at 14829-31. However, it argues that California Union does not resolve its argument that the automatic termination clause is ambiguous as to whether the fidelity bond terminates upon the appointment of the FSLIC as conservator of the bank.
 
 
 4
 While the California Union court did not address this argument, we agree with its observation that "[t]he cancellation provision itself is clear and unambiguous." Id. at 14825. The bond terminated "immediately upon the taking over of the Insured ... by State or Federal officials" and the FSLIC is clearly encompassed within the phrase "Federal officials." Even if we were convinced that there is a meaningful difference between a conservator on the one hand and a liquidator on the other, the automatic termination clause cannot reasonably be construed to require that the federal officials taking over the bank also be receivers or liquidators, rather than conservators.
 
 
 5
 The RTC's final argument is that the automatic termination of the fidelity bond was ineffective because Fidelity and Deposit Savings Bank (FDSB) did not give adequate notice to the California Savings and Loan Commissioner as required by Cal.Fin.Code § 6204. RTC failed to raise this argument in the district court, but requests that we exercise our discretion to address the issue as "purely one of law [where] the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). RTC, however, has not demonstrated that FDSB "would not have presented new evidence or made new arguments" in the district court if RTC had raised the issue there. United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987). In any event, we decline to exercise our discretion to reach this important issue of state law for the first time on appeal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable William H. Orrick, United States District Judge, Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3