978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lanny Ross MOORE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-35039.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 29, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lanny Ross Moore, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea. Moore pled guilty to importation of ephedrine and hydriotic acid with intent to manufacture a controlled substance in violation of 21 U.S.C. § 960(d). Moore contends that (1) the indictment was invalid and (2) his guilty plea did not comport with the requirements of Fed.R.Crim.P. 11. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 * Invalid Indictment
 
 
 4
 Generally, a guilty plea precludes a defendant from raising constitutional violations that occurred before his plea. United States v. Cortez, No. 89-50670, slip op. 10223, 10228 (9th Cir. August 24, 1992); United States v. Caperell, 938 F.2d 975, 977 (9th Cir.1991). Jurisdictional claims, however, are an exception to the general rule. Cortez, No. 89-50670, slip op. at 10229. A claim that the indictment failed to state an offense is a jurisdictional claim not waived by the guilty plea. Id.; Caperell, 938 F.2d at 977.
 
 
 5
 Moore contends that the indictment was invalid because: (1) it failed to state an offense; (2) it was amended by the government; and (3) it was not returned by a valid grand jury. Although the district court concluded that Moore's arguments alleging an invalid indictment were waived by entry of his guilty plea, we are free to affirm on any ground fairly presented by the record. See Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir.), cert. denied, 61 U.S.L.W. 3239 (U.S. Oct. 5, 1992) (No. 92-156).
 
 
 6
 Here, Moore argues that, because ephedrine is approved by the Federal Drug Administration for over-the-counter sales as a non-narcotic substance without a prescription, the Attorney General was required to remove it from the list of controlled substances under 21 U.S.C. § 811(g)(1). We have previously considered a similar argument and rejected it. See United States v. Durham, 941 F.2d 886, 889 (9th Cir.1991) (exclusion of over-the-counter non-narcotic substances containing methamphetamine or its equivalent as an ingredient does not require that methamphetamine be excluded from the criminal schedules of controlled substances); see also United States v. Housley, 955 F.2d 622, 623 (9th Cir.1992) (per curiam) (same), petition for cert. filed, --- U.S.L.W ----, (U.S. July 23, 1992) (No. 92-5960). Similarly, Moore's contention lacks merit. We do not consider Moore's remaining two arguments regarding the indictment because he waived them by pleading guilty. See Cortez, No. 89-50670, slip op. at 10229; Caperell, 938 F.2d at 977.
 
 II
 Invalid Guilty Plea
 
 7
 Moore contends for the first time on appeal that his guilty plea was invalid because the district court failed to comply with the requirements of Fed.R.Crim.P. 11. We decline to address this contention because Moore did not raise this argument below. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.) (declining to consider for first time on appeal defendant's argument that district court failed to establish factual basis for guilty plea), cert. denied, 484 U.S. 832 (1987); see also United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (declining to consider an issue raised for the first time on appeal).
 
 
 8
 Therefore, the district court did not err by finding that Moore's sentence did not violate the Constitution or laws of the United States. See 28 U.S.C. § 2255.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3