999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul M. RAMOS, Defendant-Appellant.
 No. 91-50498.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 6, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raul M. Ramos appeals his conviction and 60-month sentence following entry a guilty plea to distribution of methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Pursuant to Anders v. California, 386 U.S. 738 (1967), Ramos' counsel filed a brief which identified four possible issues for review: (1) whether the district court erred by not allowing Ramos to withdraw his guilty plea; (2) whether Ramos was denied effective assistance of counsel during the plea and sentencing proceedings; (3) whether Ramos' due process rights were violated because he was prosecuted in federal rather than state court; and (4) whether California has consented to federal jurisdiction over federal crimes committed within its borders. We have jurisdiction under 28 U.S.C. § 1291. We grant counsel's motion to withdraw to as counsel of record and, we affirm the district court judgment.
 
 1. Guilty Plea
 
 3
 For the first time on appeal, Ramos contends that he should have been allowed to withdraw his guilty plea because he did not receive the " 'benefits of his bargain.' " We decline to address this contention because Ramos never moved to withdraw his guilty plea before the district court. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.) (declining to consider defendant's argument for first time on appeal that district court failed to establish factual basis for guilty plea), cert. denied, 484 U.S. 832 (1987); see also United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (generally this court will not consider an issue raised for first time on a appeal).
 
 2. Ineffective Assistance of Counsel
 
 4
 Ramos also contends that he received ineffective assistance of counsel because counsel failed to present available mitigating information during the sentencing stage, and counsel failed to adequately research the law and prepare a specific plea agreement.
 
 
 5
 Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here. Former defense counsel has not been afforded the opportunity to explain his decisions. See id.
 
 3. Referral for Federal Prosecution
 
 6
 Ramos further contends that his due process rights were violated because he was prosecuted in federal rather than state court.
 
 
 7
 "[A] prosecutor's charging decision cannot be judicially reviewed absent a prima facie showing that it rested on an impermissible basis, such as gender or race." United States v. Sitton, 968 F.2d 947, 953 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993). Because Ramos does not argue that discrimination based upon suspect characteristics played a role in his referral to federal court, we lack jurisdiction to review this issue. See Sitton, 968 F.2d at 953.
 
 4. Federal Jurisdiction
 
 8
 Finally, Ramos contends that the district court lacked jurisdiction because California has not consented to federal jurisdiction over federal crimes committed within its borders. We reject this frivolous contention. See United States v. Canon, Nos. 91-50853, 91-50854, slip op. 5217, 5223 (9th Cir. May 20, 1993) (summarily rejecting identical contention).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3