46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe Amador ALAFFA, Defendant-Appellant.
 No. 94-10010.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guadalupe Amador Alaffa appeals his guilty plea conviction of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and use of a firearm during a crime of violence in violation of 18 U.S.C. 924(c)(1). Alaffa contends the district court erred in accepting his guilty plea because he repudiated the factual basis for the plea. He also contends that the waiver of the right to appeal in the plea agreement was ineffective because the agreement was a nullity.[1] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Alaffa contends that the district court erred in denying the motion to withdraw his guilty plea after he had repudiated the factual basis at the sentencing hearing. He argues he did not use a firearm during the robbery and would not have pled guilty to the firearms charge if the factual basis had not been vague. The district court denied Alaffa's motion at the sentencing hearing, finding that a factual basis for the plea had been established at the plea proceeding and Alaffa had knowingly and voluntarily entered a guilty plea.
 
 
 4
 The voluntariness of a guilty plea is subject to de novo review. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993). We review for abuse of discretion the district court's denial of a Fed.R.Crim.P. 32(d) motion to withdraw a guilty plea. United States v. Oliveros-Orosco, 942 F.2d 644, 645-46 (9th Cir.1991).
 
 
 5
 Fed.R.Crim.P. 11(f) requires a court to satisfy itself that there is a factual basis for the plea prior to the court entering judgment upon such plea. The district court must establish on the record that there is a factual basis for all elements of the offense charged before accepting a guilty plea. United States v. Rivera-Rameriz, 715 F.2d 453, 457 (9th Cir.1983), cert. denied, 467 U.S. 1215 (1984). The defendant has no right to withdraw a guilty plea; rather, the defendant bears the burden of showing a fair and just reason for withdrawal. United States v. Rios-Ortiz, 830 F.2d 1067, 1069, (9th Cir.1987).
 
 
 6
 Here, the district court, in front of Alaffa and Alaffa's counsel at the plea proceeding, explained the elements of the charged offenses and informed Alaffa of the maximum sentences which could be imposed for each offense. The court explained that the government would have to prove each element of the offenses beyond a reasonable doubt, and that Alaffa had a constitutional right to a jury trial. Alaffa stated he understood the charges and that his attorney had also explained the charges to him and the terms of the plea agreement. However, the district court determined the factual basis in the plea agreement was vague and did not identify the parties involved in the robbery or what conduct was attributed to each party.
 
 
 7
 The court questioned Alaffa in open court, under oath, regarding the facts surrounding the armed bank robbery. Alaffa admitted robbing the bank with a co-defendant who possessed a firearm during the robbery. Alaffa confirmed the factual statement in the plea agreement, identifying persons referenced and the conduct attributable to each person. Thus, the district court established on the record that there was sufficient evidence to support the conclusion that Alaffa was guilty. See Rivera-Rameriz, 715 F.2d at 457.
 
 
 8
 The district court also properly denied Alaffa's motion to withdraw the guilty plea. The district court may permit withdrawal of a plea upon a showing of any fair and just reason. Fed.R.Crim.P. 32(d). Alaffa argues he did not intend to plead guilty to the firearm possession charge because it was the co-defendant who possessed the weapon during the robbery, and he was unaware of the consequences of the co-defendant's conduct. However, the court informed Alaffa at the sentencing hearing that it was irrelevant whether he or the co-defendant possessed the weapon because as an aider and abettor to armed bank robbery, he would be legally responsible for the weapon's use.
 
 
 9
 In assessing whether Alaffa had knowingly, intelligently and voluntarily entered a guilty plea, the district court was entitled to rely upon solemn declarations made in open court by the defendant over subsequent conflicting statements. See United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.), cert. denied, 484 U.S. 382 (1987). Furthermore, the court determined that if Alaffa was allowed to withdraw his plea, the government would charge him with an additional armed bank robbery, and thus, the guilty plea was a valid, voluntary and intelligent choice among the alternative courses of action open to Alaffa. See Hill v. Lockhart, 474 U.S. 52, 56 (1985).
 
 
 10
 Therefore, the district court did not abuse its discretion in denying Alaffa's motion to withdraw his guilty plea. See Oliveros-Orosco, 942 F.2d at 645-46. Alaffa did not have a right to withdraw his guilty plea, and he failed to show a fair and just reason for withdrawal. See Rios-Ortiz, 830 F.2d at 1069.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Waiver of the right to appeal in a plea agreement does not waive the right to challenge the validity of the guilty plea itself. See United States v. Navarro-Botello, 912 F.2d 318, 320-22 (9th Cir.1990), cert. denied, 112 S.Ct. 1448 (1992). Thus, this court has jurisdiction to hear Alaffa's appeal regarding the voluntariness of his guilty plea