56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Lamar JOHNSON, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Lamar JOHNSON, Jr., Defendant-Appellant.
 Nos. 94-50304, 94-50323.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Lamar Johnson Jr. appeals his conviction following a guilty plea to two counts of armed bank robbery and one count of attempted armed bank robbery in violation of 18 U.S.C. Secs. 2113(a) and (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c). Johnson contends his convictions are invalid as a matter of law under Fed. R. Crim. P. 11(e)(2). He also contends the district court erred by ordering restitution without giving prior warning at the Rule 11 proceeding, and failing to consider his ability to pay restitution. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Rule 11 Error
 
 3
 Johnson contends the his conviction is invalid as a matter of law under Fed. R. Crim. P. 11(e)(2) because the district court failed to warn him he could not withdraw his guilty plea if the court rejected the sentencing recommendations in the plea agreement. The district court sentenced Johnson to 123 months imprisonment after rejecting the government's recommendation of a sentence at the low end of the Guidelines range. Johnson, however, raises this claim for the first time on appeal.
 
 
 4
 "As a general rule, we will not consider issues raised for the first time on appeal." United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987). We may consider an issue raised for the first time if there are "exceptional circumstances" why the issue was not raised below, or the issue is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. See id.
 
 
 5
 Johnson has not shown "exceptional circumstances" why this issue was not raised below. In fact, Johnson has never asserted he did not understand the implications of his plea agreement, or that he would have withdrawn his guilty plea had he been warned he could not withdraw the plea, regardless of the sentence imposed. Moreover, the government would suffer undue prejudice if the conviction is reversed. Thus, we decline to reach the merits of Johnson's Rule 11 claim. See Rubalcaba, 811 F.2d at 493.
 
 II. Restitution Order
 
 6
 A restitution order is reviewed for abuse of discretion provided it is within the bounds of the statutory framework. United States v. Woodley, 9 F.3d 774, 780 (9th Cir. 1993); United States v. Sanga, 967 F.2d 1332, 1335 (9th Cir. 1992).
 
 
 7
 Johnson contends the district court erred first, by failing to warn him a restitution order requiring him to pay $83,464.50 to victims of his crimes would be imposed as part of his sentence, and second, by failing to consider his ability to pay restitution. The government concedes the district court violated Rule 11(c)(1) when the court failed to advise Johnson that restitution could be ordered as part of his sentence. See Fed. R. Crim. P. 11(c)(1). The government, however, asserts the error is harmless because Johnson was advised at the Rule 11 hearing that a fine of up to $750,000 could be imposed, in addition to his sentence.
 
 
 8
 Where the district court fails to warn of restitution, but does advise the defendant a fine could be imposed, and the amount of restitution is less than the possible fine, the Rule 11 violation is harmless. United States v. Rodgers, 984 F.2d 314, 318 n.5 (9th Cir. 1993); see also United States v. Pomazi, 851 F.2d 244, 248 (9th Cir. 1988), overruled on other grounds, Hughey v. United States, 495 U.S. 411 (1990). Accordingly, because Johnson's restitution was less than the possible fine, the district court's failure to warn of possible restitution was harmless error. See Rodgers, F.2d at 318 n.5.
 
 
 9
 Johnson also contends the district court failed to consider his ability to pay restitution. 18 U.S.C. Sec. 3664(a) requires the sentencing court to consider the defendant's financial resources and earning ability in determining the amount of restitution to be paid. 18 U.S.C. Sec. 3664(a); United States v. Newman, 6 F.3d 623 (9th Cir. 1993). Although the district court must consider the factors listed in Sec. 3664(a), the court is not required to make findings of fact, or even to discuss the factors in the record. United States v. Mills, 991 F.2d 609, 611 (9th Cir. 1993). The record need only reflect that the district court had at its disposal information relating to the factors enumerated in Sec. 3664(a), and that the court gave some thought to the information. Id.
 
 
 10
 Here, the district court did not specify whether it considered Johnson's ability to pay restitution when it issued the order. The presentence investigation report (PSR), however, contained information about Johnson's socio-economic background, education level, employment history, and financial status. Johnson also objected to the PSR's restitution recommendation in a written response and objection to the PSR.
 
 
 11
 The district court's consideration of the information in the PSR provides a sufficient basis for concluding that the district court discharged its responsibilities under Sec. 3664. See United States v. Bachsian, 4 F.3d 796, 800 (9th Cir. 1993), cert. denied, 114 S. Ct. 901 (1994). The record reflects that the district court considered the PSR in deciding whether to order restitution. Accordingly, the district court did not abuse its discretion in ordering restitution. See Woodley, 9 F.3d at 780.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3