74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leaman A. (Rusty) CLARKE, Defendant-Appellant.
 No. 95-30073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Jan. 9, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leaman A. (Rusty) Clarke appeals his conviction following a guilty plea to one count of knowingly or intentionally manufacturing marijuana. We affirm.
 
 Factual and Procedural Background
 
 3
 On September 15, 1994, the United States charged Clarke with one count of knowingly or intentionally manufacturing marijuana in violation of 21 U.S.C. Sec. 841 (Count I), and sought forfeiture of any and all property used to commit or facilitate the commission of the drug offense under 21 U.S.C. Sec. 853 (Count II). This property included two lots within the Magic Village subdivision ("the property").
 
 
 4
 On November 17, 1994, Clarke agreed to plead guilty to Count I in exchange for the dismissal of Count II and the dismissal of pending civil forfeiture proceedings against the property. Clarke entered his guilty plea and the court accepted the plea agreement on November 21, 1994.
 
 
 5
 On December 9, 1994, Clarke and the government agreed that the court would release the keys to and possession of the property to Clarke or his counsel, and the district court issued an order to that effect. Subsequently, the government filed a request for entry of the criminal case order in the pending civil forfeiture cases, and the court presiding over the civil cases ordered Clarke's property returned to him. On December 23 or 24, 1994, Clarke's counsel advised him that the keys were available for him.
 
 
 6
 On December 29, 1994, prior to sentencing, Clarke filed a motion to withdraw his guilty plea, claiming that the government violated the plea agreement by not immediately returning his property. The district court denied Clarke's motion without oral argument, and subsequently sentenced Clarke to one year probation, fifty hours of community service, and a fifty dollar special assessment on Count I. Clarke timely appeals.
 
 Analysis
 
 7
 Clarke contends that because the government breached the plea agreement by failing to immediately return his property, the district court abused its discretion by denying his motion to withdraw his guilty plea. This contention is without merit.
 
 
 8
 This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). A district court's findings with regard to the terms of a plea agreement are reviewed for clear error. United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). Under Federal Rule of Criminal Procedure 32(e), a court may permit the withdrawal of a guilty plea before sentencing if a defendant shows "any fair and just reason" for the withdrawal. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 9
 Plea agreements are subject to contract law analysis. See, e.g., Santobello v. New York, 404 U.S. 257 (1971). Consistent with the relative bargaining power of the parties, ambiguities in the terms of the plea agreement are ordinarily construed against the government. United States v. De La Fuente, 8 F.3d 1333, 1338 (9th Cir.1993). A court determines what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. Id. at 1337.
 
 
 10
 The relevant provision of this plea agreement provides:
 
 
 11
 The defendant will receive his Magic Valley reservoir property back in an "as is" condition and specifically waives any claim against the federal government and its agencies, employees, etc. for damage, deterioration, or any change in its condition from the date it was seized.
 
 
 12
 Appellant notes that the agreement does not specify whether the government must return the property immediately, as he claims, or within a reasonable time period, as the government claims. Appellant argues that his interpretation should control, since ambiguities should be interpreted against the government.
 
 
 13
 Under established rules of contract interpretation, this plea agreement is not ambiguous. "It is well settled that where no time for performance is established in the agreement, the law implies that performance must occur within a reasonable time." Ujdur v. Thompson, 878 P.2d 180, 183 (Id.Ct.App.1994); see also J.C. Millet Co. v. Distillers Distrib. Corp., 258 F.2d 139, 143 (9th Cir.1958) (holding that where a contract does not establish a time for performance, the court will infer that performance must occur within a reasonable time); Restatement (Second) of Contracts Sec. 33 cmt. d ("Valid contracts are often made which do not specify the time for performance. Where the contract calls for a single performance such as the rendering of a service or the delivery of goods, the time for performance is a 'reasonable time.' "). Given this well-established default rule, the agreement is not ambiguous; the government must return the property within a reasonable time, which it did. Indeed, the government could not have returned the property immediately. Once Judge Lodge accepted the plea agreement and ordered a return of the property in the criminal proceedings, the government then had to petition the court in the civil forfeiture proceedings to order a return of the property. The district court did not err in holding that the plea agreement required the government to return the property within a reasonable time.
 
 
 14
 To the extent that Clarke appeals who should pay back taxes on the property, this court will not consider the issue because it was not raised in the district court. "As a general rule, we will not consider issues raised for the first time on appeal." United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987). Likewise, the district court did not abuse its discretion by not holding a hearing on Clarke's motion to withdraw, since Clarke never requested such a hearing.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3