131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James A. BERGER, Jr., Defendant-Appellant.
 No. 97-50109.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Nov. 21, 1997.
Nov. 25, 1997.
 
 Before PREGERSON, BOOCHEVER, and REINHARDT, Circuit Judges.
 
 ORDER TO SUBMIT CASE WITHOUT ORAL ARGUMENT
 
 1
 This case shall be submitted on the briefs and record, without oral argument, on November 21, 1997, Pasadena, California.
 
 
 2
 MEMORANDUM*
 
 
 3
 Berger argues that he was entitled to a downward departure because new medical information indicates that the sentencing disparity between crack and powder cocaine is discriminatory and violative of the equal protection component of the 5th Amendment.
 
 
 4
 We affirm the sentence imposed by the district court for the following reasons:
 
 
 5
 1. In our last decision we concluded by stating: "We affirm the district court's sentence on the narcotics charges, and remand for vacation of the consecutive 60-month firearms sentence." United States v. Berger, 103 F.3d 67, 72 (9th Cir.1996), cert. denied, 117 S.Ct. 1456 (1997). The remand was thus limited, and under such circumstances "the district court was without authority to reexamine any other sentencing issues on remand." United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994), cert. denied, 513 U.S. 1102 (1995).
 
 
 6
 2. At his last resentencing, Berger never argued for a downward departure based on any alleged equal protection violation arising from the crack-powder cocaine sentencing disparity. Generally such issues raised for the first time on appeal will not be considered. United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.1987). None of the exceptions to this general rule applies in this case. See id.
 
 
 7
 3. We have previously rejected the defendant's argument for departure based on the crack-powder cocaine sentencing disparity, so that it is the law of the case that the 360-month sentence is valid. We decline to reexamine the issue on the record presented in this appeal. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991); United States v. Houser, 804 F.2d 565, 567-68 (9th Cir.1986); United States v. Maybusher, 735 F.2d 366, 370 (9th Cir.1984).
 
 
 8
 Affirmed.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3