134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Anthony Agulto ASCURA, Defendant-Appellant.
 No. 96-10458.
 United States Court of Appeals, Ninth Circuit.
 Jan. 23, 1998.
Submitted Sep. 8, 1997.**
 
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 ORDER
 
 1
 The memorandum disposition filed on September 12, 1997 is withdrawn. The following memorandum is filed. The petition for rehearing is DENIED.
 
 
 2
 MEMORANDUM*
 
 
 3
 Anthony Agulto Ascura appeals his guilty plea conviction and 235-month sentence for conspiracy to import methamphetamine and heroin, and attempted possession of methamphetamine and heroin with intent to distribute. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 4
 Ascura contends that the district court abused its discretion by denying Ascura's motion to withdraw his guilty plea. This contention lacks merit.
 
 
 5
 We review the denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Rubalcaba, 811 F.2d 491, 492 (9th Cir.1993). Withdrawal of a plea of guilty may be permitted "upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). A "fair and just reason" has been defined as "unfairly obtained or given through ignorance, fear or inadvertence." See Rubalcaba, 811 F.2d at 492-93 (citation omitted). Statements made during the plea hearing are entitled to a strong presumption of veracity in later attacks on the plea. See United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir.1993); United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991).
 
 
 6
 Ascura argues that he should have been permitted to withdraw his guilty plea because he believed that he had an absolute right to withdraw his plea before the district court accepted the plea agreement. The record belies this assertion. At the change of plea hearing, the following colloquy occurred:
 
 
 7
 [DEFENSE COUNSEL]: Once the Court accepts his plea agreement, and even after the PSI and before he is sentenced, then he will not be able to withdraw it.
 
 
 8
 THE COURT: Do you understand that, Mr. Ascura? If the Government and the Court accepts this agreement, and its a binding contract--
 
 
 9
 THE DEFENDANT: Yes, Your Honor.
 
 
 10
 THE COURT:--and if you find out later that the sentence is going to be more than you hoped it would be, that you can't change your mind and say, well, I've decided I want a trial after all?
 
 
 11
 THE DEFENDANT: Yes, Your Honor.
 
 
 12
 THE COURT: I just want to make sure that you understand, because you realize that when you enter into a guilty plea you give up alot of rights.... Do you understand that?
 
 
 13
 THE DEFENDANT: Yes, Your Honor.
 
 
 14
 The district court then accepted the plea agreement.[1] Under these circumstances, the district court did not abuse its discretion by denying Ascura's motion to withdraw his guilty plea. See Fed.R.Crim.P. 32(d); Rubalcaba, 811 F.2d at 492-93
 
 
 15
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Ascura's argument that the district court accepted the plea but deferred accepting the plea agreement at the February 15, 1996 hearing. The record supports the district court's finding that "in this case [the court] did accept both the plea and the plea agreement at the February 15, 1996 Rule 11 Hearing." Because the district court accepted both the plea and plea agreement, United States v. Hyde, 93 F.3d 779 (9th Cir.1996) is not applicable to this case, and thus, we also reject Ascura's contention that his plea violated due process