**Shannon Lee STARR, Petitioner–Appellant,**

v.

**Gary LINDSEY, Respondent–Appellee.**

No. 99–16442.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 13, 2000.[1]

Decided Feb. 7, 2001.

Before FERGUSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM[2]

Shannon Lee Starr, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Starr contends that his attorney denied him effective assistance of counsel by failing to challenge for cause a juror on the basis of bias.[3] We review *de novo* the

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Starr also contends that his attorney did not examine the jury questionnaires. Because this issue was not raised below and would require further factual development, we cannot address it here. *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994); *United States v. Rubalcaba,* 811 F.2d 491, 493 (9th Cir.1987).

608

district court's denial of a § 2254 petition. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000).

Relief under 28 U.S.C. § 2254 may only be granted if the petitioner shows that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). *See also Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143 (9th Cir.2000).

■ This court must show considerable deference to trial attorneys' tactical decisions. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Quintero-Barraza,* 78 F.3d 1344, 1349 (9th Cir.1995). Because sufficient evidence supports the conclusion that a strategic purpose existed for the attorney's decision not to strike the juror for cause, we hold that the state court's decision was reasonable. The district court therefore properly dismissed Starr's petition.

AFFIRMED.