**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Alberto VEGA–NAVARRO, aka Jose Lopez, Defendant–Appellant.**

No. 99–10046.

D.C. No. CR–98–00959–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

MEMORANDUM **

Jesus Alberto Vega–Navarro appeals his guilty-plea conviction for Illegal Re-entry after Deportation, in violation of 8 U.S.C.

§ 1326. We dismiss for lack of jurisdiction.

Vega–Navarro challenges the voluntary and intelligent nature of his guilty plea on the basis that his attorney misled him as to the sentence he would receive, and that the court failed to inform him during the plea colloquy that he had the right to persist in his not guilty plea and proceed to trial.

We review challenges to guilty pleas based on claims of ineffective assistance of counsel using the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Doganiere v. United States,* 914 F.2d 165, 168 (9th Cir.1990). Pursuant to *Strickland,* a criminal defendant must show that his counsel's performance was deficient, and that the deficient performance prejudiced him. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Vega–Navarro points to no evidence in the record to establish counsel's deficient representation. Rather, the record reflects that Vega–Navarro stated during the change of plea hearing that he was satisfied with the advice he had received from counsel.

Even if the record supported Vega–Navarro's contention, he cannot demonstrate prejudice by the alleged acts or omissions of his counsel because prior to accepting his plea, the court adequately informed him of the maximum possible sentence that could be imposed. *See United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir. 1987); *cf. Doganiere,* 914 F.2d at 168 (concluding that attorney's inaccurate prediction regarding the sentence defendant would receive upon pleading guilty did not

---

1. All pending motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

constitute ineffective assistance of counsel).

Reviewing for plain error, *see United States v. Vonn,* —— U.S. ——, ——, 122 S.Ct. 1043, 1046, —— L.Ed.2d ——, —— (2000), we conclude that Vega–Navarro's plea colloquy was not deficient. Accordingly, we uphold Vega–Navarro's valid appeal waiver and dismiss for lack of jurisdiction. *See United States v. Navarro–Botello,* 912 F.2d 318, 319 (9th Cir.1990) (holding that a knowing and voluntary appeal waiver in a negotiated plea agreement is enforceable).

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.