UNITED STATES of America, Plaintiff—Appellee,

v.

JOSEPH J., a juvenile, Defendant— Appellant.

No. 01–30308.
D.C. No. CR–00–00272–C.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2002.*

Decided June 11, 2002.

Before BRUNETTI, TROTT, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Joseph J. ("the defendant"), a Native American juvenile male, pled guilty to committing second degree murder within Indian country. He subsequently moved to withdraw his plea prior to sentencing. The district court denied the motion and the defendant appeals, arguing that he did not understand the mens rea element "malice aforethought" at the time he pled guilty, that new evidence has been discovered since his plea was entered, and that he has a cognitive impairment that limited his ability to understand the plea proceedings. We disagree, and affirm the order of the district court.

## I.

Federal Rule of Criminal Procedure 32(e) governs the withdrawal of guilty pleas:

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(e) Plea Withdrawal. If a motion to withdraw a plea of guilty or nolo contendre is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside on direct appeal or by motion under 28 U.S.C. § 2255. Fed. R. Crim P. 32(e).

■ The defendant argues that the Rule 11 hearing was insufficient to establish that his guilty plea was knowing and voluntary. However, the record shows that the colloquy between the Magistrate Judge and the defendant was very thorough, that the defendant was provided with ample opportunity to consult his counsel and to pose questions to the court, and that the plea was not accepted until the Magistrate Judge was convinced that the plea was knowing and voluntary. The defendant concedes that the court walked him through each element of second degree murder, but that it never defined the term "malice aforethought." He claims that he never understood the term and his plea was invalid because the court never provided a definition. This argument has no merit.

■ A defendant's solemn declarations in open court at a plea colloquy carry a strong presumption of verity. *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.1987). In this case, the defendant has offered nothing to overcome this presumption. Although the court did not define "malice aforethought," this alone does not invalidate the plea. The court is not required to provide a definition of every term at a plea hearing, so long as the defendant understands the charges. Our review is limited to an examination of the transcript of the plea hearing, which establishes that the defendant repeatedly professed understanding of the charges. This evidence is not contradicted by anything in

the record. Accordingly, the Rule 11 hearing was valid.

## II.

■ The defendant argues that a new preliminary opinion from the defense expert is "new evidence" allowing him to withdraw his plea. Fair and just reasons for withdrawing a guilty plea include inadequate Rule 11 proceedings, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. *United States v. Turner*, 898 F.2d 705, 713 (9th Cir.1990). The district court did not abuse its discretion in finding that the defendant's new expert's preliminary opinion did not constitute a fair and just reason to permit withdrawal of his guilty plea. The defendant has not offered new evidence because he is introducing no new facts. He has a new expert that has simply offered a new opinion on the same facts that existed at the time of the plea hearing. This court has held that new expert opinions are not new evidence. *See Harris v. Vasquez*, 949 F.2d 1497, 1523 (9th Cir.1990) (Opinions from new psychiatrists are not new evidence warranting federal habeas corpus relief). Even if this is "new evidence," the defendant has not met the burden of showing why it would be "fair and just" to allow him to withdraw his guilty plea. The autopsy report on which the new expert's opinion was based was prepared over six months before the plea hearing. The defendant had ample time to seek an expert opinion on the autopsy report.

## III.

James argues that he suffers from mental and cognitive impairments that limited his ability to understand the plea hearing, and that his guilty plea is invalid. This

claim is simply not substantiated in the record. Neither the psychologist's opinion letter nor the joint affidavit of the defendant's counsel offer any insight into the defendant's mental state at the time of the plea hearing.

The judgment of the district court is AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.