**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jorge A/K/A Juan SALAZAR–GUILLEN, A/K/A Maceton Salazar–Guillen, Defendant—Appellant.**

No. Civ.A.02–10240.

D.C. No. CR–00–00187–HG.

United States Court of Appeals, Ninth Circuit.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Oct. 31, 2002.*

Decided Dec. 27, 2002.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

## MEMORANDUM **

Jorge Salazar–Guillen (Salazar) appeals the district court's refusal to permit him to withdraw his guilty plea. He contends the district court should have allowed him to withdraw his plea because he was pressured by his mother to plead guilty and because his plea lacked a sufficient factual basis. We affirm.

## DISCUSSION

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995). A district court may permit a defendant to withdraw a guilty plea before sentencing if the defendant offers a "fair and just reason." Fed.R.Crim.P. 32(e).

The record shows that Salazar signed a plea agreement that acknowledged his guilt of each essential element of each offense of conviction. He also confirmed orally and in the written plea agreement that his pleas of guilt were voluntary and not the result of threats or coercion. Salazar's statements to the court "carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.1987) (internal quotation omitted). We

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

conclude that the district court did not abuse its discretion in denying Salazar's motion to withdraw his plea based upon its finding that Salazar failed to convincingly contradict anything that he previously admitted.

AFFIRMED.