NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGONAFER SHIFERAW, DBA Fillmore Entertainment Complex/Republic of Fillmore, LLC, | No.   22-15599 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-06830-RS |
| v. | MEMORANDUM* |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted September 15, 2023**
San Francisco, California

Before:  BOGGS,*** S.R. THOMAS, and FORREST, Circuit Judges.

Agonafer Shiferaw appeals the district court's dismissal on summary

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

judgment of his claims against the City and County of San Francisco and the Individual Defendants[1] for waste of public resources under Cal. Civ. Proc. Code § 526a, for fraud, misrepresentation, and deceit under Cal. Civ. Code §§ 1572, 1709, 1710, and for conspiracy to commit fraud, misrepresentation, and deceit under Cal. Civ. Code §§ 1572, 1709, 1710. He also appeals a portion of the district court's order denying in part his motion to set aside a clerk's order that taxed Defendants' costs for materials related to videoconference depositions. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo a district court's grant of summary judgment. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We review a district court's cost order for abuse of discretion. *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020).

We affirm. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here.

1.    The district court did not err by granting summary judgment to Defendants on Shiferaw's claim for waste of public resources under Cal. Civ. Proc. Code § 526a. Section 526a authorizes taxpayer suits "only if the government body

---

[1] The Individual Defendants comprise San Francisco Mayor London Breed; Reverend Amos Brown; former Director of the City's Office of Economic and Workforce Development, Joaquin Torres; and former San Francisco Supervisor Vallie Brown.

has a duty to act and has refused to do so." *Raju v. Super. Ct. of City & Cnty. of S.F.*, 309 Cal. Rptr. 3d 554, 574 (Ct. App. 2023) (quoting *San Bernardino Cnty. v. Super. Ct.*, 190 Cal. Rptr. 3d 876, 882 (Ct. App. 2015)). Here, the City did not have a duty to collect rents and loan obligations. Although Shiferaw argues that S.F. Admin. Code § 23.30 creates such a duty, he points only to sources of funds from the Fillmore Center that are not covered by that ordinance. As a result, this argument fails.

In addition, Shiferaw argues for the first time on appeal that S.F. Admin. Code § 23.37 imposes a duty on the City to collect these rents and loan obligations. Normally, we do not consider arguments advanced for the first time on appeal. *See Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020). Shiferaw has failed to address any of the exceptions to this general rule. *See Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006) (explaining that the court may consider a new argument on appeal if exceptional circumstances explain why the argument was not advanced below, the new argument arose from a change in the law, or the issue is purely one of law and the opposing party will not suffer prejudice from the failure to raise it below); *see also United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987) (placing the burden of showing no prejudice on the party raising the new issue). Thus, Shiferaw has forfeited this argument.

2.     The district court did not err by granting summary judgment to

Defendants on Shiferaw's claim for fraud, misrepresentation, and deceit. "Mere conclusory allegations" are not enough to raise a genuine issue of material fact that would defeat summary judgment. *Opara v. Yellen*, 57 F.4th 709, 739–40 (9th Cir. 2023) (quoting *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 n.5 (9th Cir. 2004)). Although Shiferaw is entitled to justifiable inferences in his favor, he is not entitled to inferential leaps based on mere allegations. Simply meeting with potential buyers—none of whom purchased the Center—is not a reasonable basis to infer that Defendants committed fraud, misrepresentation, and deceit. Shiferaw did not offer evidence that would permit a justifiable inference of such action, so the district court properly granted summary judgment on this claim.

3.     Because Shiferaw did not present sufficient evidence to defeat summary judgment against his underlying claim for fraud, misrepresentation, and deceit, his conspiracy claim against Defendants also fails. To establish an action in California for civil conspiracy, a plaintiff must show "some other underlying tort or civil wrong." *Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1156 (Cal. 2007). Shiferaw has not done so here. Accordingly, the district court properly granted summary judgment against his conspiracy claim.

4.     The district court did not abuse its discretion when it denied in part Shiferaw's motion to review and set aside the portion of a clerk's order that taxed $3,061.50 in costs for Defendants' purchase of materials related to videotaped

depositions. In the Northern District of California, a court may allow "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case." N.D. Cal. Civ. L.R. 54-3(c)(1); *see also* 28 U.S.C. § 1920(2) (permitting a court to tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case").

The record indicates that the costs at issue are charges for deposition transcripts. The court reporter's invoices show a charge of $1,988.00 for an "Original and one copy (284 Pages)" from Shiferaw's videoconference deposition and a charge of $1,073.50 for "1 CERTIFIED COPY OF TRANSCRIPT OF: Ernest Bates, M.D." Accordingly, Defendants have adequately documented their costs for the deposition transcripts. Thus, the district court did not abuse its discretion by denying in part Shiferaw's motion to review and set aside a clerk's order taxing Defendants' costs.

**AFFIRMED.**