**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gene Christian COLLINS,**
**Defendant–Appellant.**

**No. 00–50205.**
**D.C. No. CR–98–00125–AHS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. All outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Gene Christian Collins appeals his guilty plea conviction and 63–month sentence imposed for bank robbery, in violation of 18 U.S.C. § 2113(a). Collins' attorney has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Collins has filed a pro se supplemental brief raising several issues.

Counsel has identified several potential issues for review, the first being whether the district court complied with Federal Rule of Criminal Procedure 11 when taking Collins' guilty plea. After reviewing the record, we conclude that the district court substantially complied with the Rule's requirements and that any variance from the Rule was harmless error. *See* Fed.R.Crim.P. 11(h).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The second potential issue identified by counsel is whether the district court in some way misled Collins concerning his right to appeal. As counsel points out, however, the district court properly advised Collins of the effect of his waiver of his right to appeal contained in the plea agreement, and did not later tell him that he retained the right to appeal despite the waiver.

Counsel next identifies the potential issue of whether the district court abused its discretion by denying Collins' pro se request for substitution of counsel. The district court did not abuse its discretion because the court conducted an adequate inquiry into the nature of the problem between Collins and his attorney, and there is no evidence that there was a complete breakdown of communication between the two such that Collins' ability to present an adequate defense was affected. *See United States v. George,* 85 F.3d 1433, 1439 (9th Cir.1996).

Counsel next identifies the potential issue of whether the district court erred by refusing to continue the sentencing hearing so that a formal examination of Collins' competency could be conducted, and by concluding instead that Collins was competent. The district court did not err because, given the evidence before the district court, no reasonable judge would have a bona fide doubt as to the defendant's competency. *See Moran v. Godinez,* 57 F.3d 690, 695 (9th Cir.1994).

In his pro se brief, Collins contends that his guilty plea was coerced because he was unable to complete further investigation of certain fingerprint evidence linking him to the crime. In light of the fact that Collins knew of the alleged discrepancy in the fingerprint evidence before he pled guilty and that he nonetheless stated in open court that he knowingly and voluntarily gave up his right to pursue any defenses to the charge through waiving his right to trial, we conclude that he has failed to show that his plea was involuntary. *See United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir.1987) (noting that "[s]olemn declarations in open court carry a strong presumption of verity," in rejecting later claim of involuntariness of guilty plea) (internal quotation omitted).

We decline to consider all of the potential claims of ineffective assistance of counsel raised by counsel and Collins. *See United States v. Laughlin,* 933 F.2d 786, 788 (9th Cir.1991) ("As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal.").

Our independent review of the record under *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no other issues requiring review. Accordingly, counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED. Collins' request for the appointment of new counsel on appeal is DENIED.