**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JARAMIE D. WOMACK,
          *Petitioner-Appellant,*

v.

FRANKIE SUE DEL PAPA; E. K.
MCDANIEL,
          *Respondents-Appellees.*

No. 06-15069

D.C. No.
CV-02-00374-HDM

OPINION

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted
June 11, 2007—San Francisco, California

Filed August 13, 2007

Before: Alfred T. Goodwin, Jay S. Bybee, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## COUNSEL

Linda Marie Bell, Federal Public Defender, Las Vegas, Nevada, for the petitioner-appellant.

Robert E. Wieland, Deputy Attorney General, Reno, Nevada, for the respondents-appellees.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

Jaramie D. Womack, a Nevada prisoner, appeals the denial of his federal habeas petition. He asserts that he entered an *Alford* guilty plea to several crimes that was not knowing, voluntary and intelligent because he was deprived of effective assistance of counsel in violation of the Sixth and Fourteenth Amendments. He alleges that even though his trial attorney advised him that a guilty plea was his "best chance" the trial judge would impose the minimum sentence for each count in his indictment, thereby making him eligible for parole in thirty to forty years, the trial judge instead determined that Womack is a habitual criminal and sentenced him to eight life

terms without the possibility of parole. We hold that Womack did not receive ineffective assistance of counsel, and we affirm the district court's denial of his petition for habeas corpus.

## FACTS AND PROCEDURAL HISTORY

Womack shared an apartment with Kathryn Reeder, her seven and thirteen year-old sons, and her twelve year-old daughter. On October 4, 1999, while Reeder was at work, Womack stabbed the thirteen year-old boy in the neck, chest and shoulder, cut the seven year-old boy across his neck and chest, and locked all three children in the bathroom. After stealing several items, Womack fled the apartment. Reeder's daughter escaped from the bathroom, ran to Reeder's workplace, and informed her mother what Womack had done. Reeder and her daughter returned to her apartment and Reeder called 911 when she saw the extent of her sons' injuries. Womack was arrested the following day when he attempted to cash a forged check.

A grand jury indicted Womack on two counts of attempted murder with use of a deadly weapon, three counts of first degree kidnapping of a minor with use of a deadly weapon with substantial bodily harm, three counts of robbery with use of a deadly weapon, and one count each of burglary, forgery, and possession of credit or debit card without cardholder consent. Following a plea negotiation, the state of Nevada filed an amended indictment charging Womack with two counts of attempted murder with use of a deadly weapon, two counts of first degree kidnapping of a minor with use of a deadly weapon with substantial bodily harm, one count of first degree kidnapping of a minor with use of a deadly weapon, and one count of forgery.

On March 8, 2000, in an *Alford*[1] plea, Womack agreed to

---

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

plead guilty to the charges contained in the amended indictment. The Nevada state district court conducted a plea canvass with Womack in which the judge reviewed the terms and conditions of the plea agreement. The court sought and received assurances from Womack that he had read and understood the plea agreement and that he had signed it freely and voluntarily. Crucially, the court further inquired if Womack understood that he could be adjudicated as a habitual criminal and that he could be sentenced to life without parole on each count. Womack replied, "Yes."[2]

At sentencing, Womack was found to be a habitual criminal and sentenced to eight terms of life without the possibility of parole. Womack filed a petition for a writ of habeas corpus in state court challenging the validity of his guilty plea and asserting multiple violations of his constitutional rights, including ineffective assistance of counsel. The court denied

---

[2]The transcript of the plea colloquy provides, in part:

| The Court: | All right. So is it your decision, sir, to plead guilty today by way of the *Alford* decision? |
| The Defendant: | Yes, sir. |
| The Court: | Okay. Did you read this plea agreement before you signed it? |
| The Defendant: | Yes, sir. |
| The Court: | Did you understand it before you signed it? |
| The Defendant: | Yes. |

. . .

| The Court: | Did you sign it freely and voluntarily? |
| The Defendant: | Yes. |

. . .

| The Court: | If you are adjudicated and sentenced as a habitual criminal, you could be sentenced to life without parole on each count and that is also non-probationable. Do you understand that? |
| The Defendant: | Yes, sir. |

Womack's petition, finding, among other things, that his plea was knowing and voluntary and that he had failed to provide any evidence that his trial counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). Womack then filed a second petition for a writ of habeas corpus in the same court in which he re-asserted the claims he made in his first petition, but also requested an evidentiary hearing. The state district court denied Womack's second petition on the grounds that he did not request permission from the district court to have his petition reconsidered prior to the filing of his second petition and that he had not shown good cause for a rehearing. Womack appealed the denial of both his petitions to the Nevada Supreme Court. The Nevada Supreme Court consolidated Womack's appeals and then denied them after finding that his guilty plea was knowing and voluntary and that he had failed to demonstrate that he received ineffective assistance of counsel under *Strickland*.

Following the exhaustion of his state habeas procedures, Womack initiated a federal habeas action in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 2254. In an amended federal habeas petition, Womack claimed that: (1) his guilty plea was not entered knowingly, intelligently, and voluntarily in violation of his right to due process under the Fifth and Fourteenth Amendments because the trial court's plea canvass was insufficient; (2) he received ineffective assistance of counsel in violation of the Sixth Amendment because his attorney failed to review discovery, to investigate, and to adequately advise him of the evidence and the consequences of his guilty plea; and (3) he was deprived of effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, because his trial counsel failed to inform him of his right to appeal and failed to file an appeal on his behalf. The district court denied Womack's petition, finding that his due process rights were not violated and that he did not receive ineffective assistance of counsel.

Womack filed a timely appeal from the district court's denial of his habeas corpus claims. We granted his request for

a certificate of appealability on two issues: (1) whether Womack received ineffective assistance when his counsel recommended that he accept the plea agreement; and (2) whether the trial court's plea canvass was sufficient to support a guilty plea.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a 28 U.S.C. § 2254 habeas petition. *McQuillion v. Duncan*, 306 F.3d 895, 899 (9th Cir. 2002). Because Womack filed his petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d). AEDPA establishes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal citations and quotations omitted). Under § 2254(d), a federal court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court's decision was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is an unreasonable application of federal law if it correctly identifies the governing rule, but then applies it to a new set of facts in an objectively unreasonable way, or if it extends a clearly established legal principle from the United States Supreme Court in a way that is objectively unreasonable. *Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002). In conducting our analysis under AEDPA, we look "to the last reasoned decision of the state court as the basis of the state court's judgment." *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). Claims of ineffective assistance of counsel are mixed questions of law and fact, and are

also reviewed de novo. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006).

## DISCUSSION

### I.

The "clearly established Federal law, as determined by the Supreme Court of the United States" at issue in this case is the test for ineffective assistance of counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and in *Hill v. Lockhart*, 474 U.S. 52 (1985). Under *Strickland*, to establish a claim of ineffective assistance of counsel, the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice. 466 U.S. at 687. In *Hill*, the Supreme Court adapted the two-part *Strickland* standard to challenges of guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 57-59.

The Nevada Supreme Court and district court found that, under *Strickland* and *Hill*, Womack failed to establish ineffective assistance of counsel. In his federal habeas petition, Womack contends that the Nevada Supreme Court unreasonably applied *Strickland* and *Hill* because his trial counsel did not adequately advise him of the consequences of his guilty plea. Specifically, he argues that he only agreed to plead guilty because his attorney told him that an *Alford* plea was his "best chance" that the judge would impose the minimum sentences, thereby making him eligible for parole in thirty to forty years. Citing this court's opinion in *Iaea v. Sunn*, 800 F.2d 861 (9th Cir. 1986), Womack asserts that because he was ultimately sentenced to eight life terms without the possibility

of parole his attorney's sentencing prediction was a "gross mischaracterization of the likely outcome" that fell below the level of competence required of defense attorneys. *Id*. at 865. Womack's habeas petition also alleges that his plea was not voluntary and intelligent because his attorney failed to advise him of the potential defenses that could have been raised at trial. He claims that, but for his attorney's erroneous sentencing prediction and his failure to inform him of potential defenses, he would have rejected the plea and elected to stand trial.

## A.

We first consider Womack's claim that his attorney failed to adequately advise him of the consequences of his guilty plea. Womack relies heavily on *Iaea v. Sunn* to support his claim that his attorney's erroneous sentencing prediction constituted ineffective assistance of counsel. In *Iaea*, this court adjudicated a case in which a defendant was reluctant to plead guilty to multiple counts of drug promotion felonies and one firearm possession felony and only agreed to do so because his attorney advised him that "his chances of acquittal if he went to trial were slight and that if he was convicted, he would be subject to Hawaii's minimum sentencing law," that "there was a good chance of his getting probation if he accepted the plea bargain," and "that the chance of his getting an extended sentence was 'almost zero.' " 800 F.2d at 863. Relying on this advice, Iaea accepted the plea, and the state court judge subsequently sentenced him to life for his class A drug promotion felonies, twenty years for his class B drug promotion felonies, and ten years for possession of a firearm.

[1] We held that Iaea's counsel's performance was deficient because his errors were so numerous and serious. *Id*. at 864. First, Iaea's counsel seriously erred in informing Iaea that he could escape Hawaii's minimum sentencing statute only if he pleads guilty because the relevant version of Hawaii's minimum sentencing statute did not apply to Iaea.

*Id.* at 864-65. Second, Iaea's "[c]ounsel's advice that the like-lihood of Iaea's receiving an extended or a life sentence was practically non-existent and that he might receive probation was also faulty." *Id.* at 865. We noted that Iaea's counsel was well aware of the fact that the prosecutor would request extended sentencing. *Id.* We also found that "[t]hough a mere inaccurate prediction, standing alone, would not constitute ineffective assistance, the gross mischaracterization of the likely outcome presented in this case, combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys." *Id.* (internal citations omitted).

**[2]** In arguing that his counsel rendered ineffective assistance, Womack claims two similarities between his situation and that in *Iaea*: (1) he claims that, like Iaea, he was reluctant to plead guilty; and (2) his counsel's advice that his guilty plea was his "best chance" of him receiving thirty to forty years was a "gross mischaracterization of the likely outcome," given the fact that he was sentenced to eight terms of life without parole. This analogy fails. Womack's claim that he was reluctant to plead guilty is wholly unsupported by the record and clearly discredited by the district court. More importantly, there is no other evidence in the record that would elevate Womack's attorney's prediction to the level of Iaea's counsel's patently erroneous advice.

**[3]** Even if Womack's counsel's performance were somehow deemed ineffective, Womack was not prejudiced by his counsel's prediction because the plea agreement and the state district court's plea canvass alerted Womack to the potential consequences of his guilty plea. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (holding that the petitioner "suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court"). Womack's written guilty plea agreement unambiguously informed him that the state

retained the right to argue for a sentence of life without parole with respect to the two kidnapping charges and the habitual criminal designation. Moreover, at the guilty plea hearing, the state court judge informed Womack that he could be "adjudicated and sentenced as a habitual criminal" and that he "could be sentenced to life without parole on each count and that is also non-probationable." Womack stated on the record that he understood this. We find that because Womack was clearly informed of the potential for life sentences and the unavailability of parole, he cannot demonstrate that he was prejudiced by his attorney's prediction. *See, e.g.*, *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) (explaining that an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea"); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (finding that an inaccurate sentence prediction was not prejudicial); *United States v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989) (finding that an inaccurate prediction does not constitute ineffective assistance), *overruled on other grounds*, *United States v. Rodriguez-Razo*, 962 F.2d 1418 (9th Cir. 1992).

We conclude that it was reasonable for the Nevada Supreme Court and the Nevada district court to reject Womack's claim that his plea was not knowingly, voluntarily or intelligently entered. Womack's allegation is belied by his statements in open court and the contents of his signed plea agreement. Furthermore, applying the *Strickland*/*Hill* standard, the Nevada courts held that Womack failed to offer any evidence that his counsel's performance was deficient and he has not established that, but for his attorney's advice, he would have changed his guilty plea and insisted on going to trial.

## B.

**[4]** We next review Womack's allegation that he received ineffective assistance when his counsel neglected to discuss potential defenses that he could have raised at trial, and we

conclude that this allegation is without merit. Other than Womack's own self-serving statement, there is no evidence that his attorney failed to discuss potential defenses with him. Moreover, his assertion is completely contrary to his statement in the plea agreement that "I have discussed with my attorney any possible defenses, defense strategies and circumstances which might be in my favor." *See United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong presumption of verity." (quotation omitted)); *United States v. Rivera-Ramirez*, 715 F.2d 453, 458 (9th Cir. 1983) (allowing the court to credit defendant's sworn statements at his plea hearing over subsequent contradictory assertions). Additionally, Womack has not shown that he suffered prejudice for any such error because there is neither factual nor legal support for his claim that he could have raised a defense to the kidnapping charge or that he could have challenged his habitual criminal designation. Given Womack's inability to make a successful claim of ineffective assistance of counsel on federal habeas review, we cannot conclude that the Nevada court's application of *Strickland* and *Hill* to the facts of this case was objectively unreasonable.

## II.

Although we granted Womack's request for a certificate of appealability on the issue of whether the trial court's plea canvass was sufficient to support his guilty plea, he neglected to address this issue in his opening or reply briefs. Consequently, Womack has waived this claim. *See United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000); *Jones v. Wood*, 207 F.3d 557, 562 n.2 (9th Cir. 2000) ("[F]ailure to argue an issue in the opening brief does constitute waiver.").

## CONCLUSION

[5] We hold that the Nevada Supreme Court's conclusion that Womack did not receive ineffective assistance of counsel

is not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). We therefore affirm the district court's decision denying Womack's petition for a writ of habeas corpus.

**AFFIRMED**.