

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT STANLEY PAIGE,<br><br>            Petitioner - Appellee,<br><br>  v.<br><br>TERRY GODDARD, Attorney General of the State of Arizona; CHARLES L. RYAN,<br><br>            Respondents - Appellants. | No. 09-16789<br><br>D.C. No. 3:07-cv-08089-EHC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Argued and Submitted October 4, 2010
San Francisco, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

The State of Arizona appeals from the district court's grant of Robert Paige's Petition for Writ of Habeas Corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse.

Because Paige filed his habeas petition after April 24, 1996, the Anti-terrorism and Effective Death Penalty Act (AEDPA) applies to his case. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). We review *de novo* a district court's decision to grant or deny habeas relief pursuant to 28 U.S.C. § 2254, *Rodriguez Benitez v. Garcia*, 495 F.3d 640, 643 (9th Cir. 2007), and we look to the last reasoned state court decision to determine whether it was contrary to, or unreasonably applied federal law, *Cook v. Schriro*, 538 F.3d 1000, 1015 (9th Cir. 2008).

Paige argues that his guilty plea was involuntary because it was induced by his counsel's deficient performance. Specifically, Paige alleges that his counsel misrepresented to him that the trial judge promised to sentence him to five years imprisonment followed by lifetime probation; instead he received a sentence of twenty-two years. Paige's counsel testified that he told Paige that the judge gave "every indication" that he would sentence Paige from five to seven-and-a-half years imprisonment followed by a term of lifetime probation. And Paige's attorney stated that he explained to Paige that in his experience, the judge would

2

not "change course without fair warning." However, Paige's attorney also testified that he "fully and completely explained the written plea agreement . . . in a manner [Paige] understood," and expressly told Paige that as to his sentence "point blank there was never a guarantee."

Based on this testimony the state court found that Griffen did not make any promises or misrepresentations to Paige regarding the judge's sentencing intentions; instead, he merely predicted, at best inaccurately, the sentence Paige would receive. Paige knew he could get up to twenty-two years in prison. His lawyer thought it would be less, but told Paige there was no guarantee. These factual findings are not unreasonable. *See Wood v. Allen*, 130 S.Ct. 841, 849 (2010) ("a state-court factual determination is not unreasonable merely because a federal habeas court would have reached a different conclusion in the first instance."). Because the state court did not unreasonably find the facts, nor was its decision contrary to, or an unreasonable application of, Supreme Court law, the petition for habeas corpus should have been denied. *See Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007) ("a mere inaccurate prediction, standing alone, would not constitute ineffective assistance" (internal quotation omitted)).

REVERSED.