FILED

**NOT FOR PUBLICATION**

MAR 19 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN W. GREEL, | No. 10-16847 |
| Petitioner - Appellant, | D.C. No. 4:08-cv-04474-CW |
| v. | |
| MICHAEL MARTEL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted March 15, 2012[**]
San Francisco, California

Before: McKEOWN, M. SMITH, Circuit Judges, and ROTHSTEIN, District
Judge[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara J. Rothstein, Senior United States District
Judge for the Western District of Washington, sitting by designation.

Stephen Greel appeals an order from the district court denying his petition for a writ of habeas corpus. He argues that the trial court improperly admitted propensity and other prejudicial evidence and that there was insufficient evidence to convict him of kidnapping to commit rape, both alleged errors in violation of his due process rights. A court reviewing a habeas petition considers the last reasoned opinion of the state court, in this case that of the California Court of Appeal. *See Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. The facts of this case are known to the parties. We need not repeat them here.

This court reviews de novo a district court's denial of a writ of habeas corpus and may affirm the judgment on any ground supported in the record. *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996). Because Greel filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) applies. *See Greenway v. Schriro*, 653 F.3d 790, 797 (9th Cir. 2011). Under AEDPA, a reviewing court considers whether the state court's adjudication of a claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Ninth Circuit precedent "squarely forecloses [the] argument" that admission of evidence of sexual misconduct to show propensity violates due process. *See Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). Greel is unable to identify Supreme Court case law clearly establishing this principle such that would justify issuing the writ.

There is likewise no clearly established federal law that admitting prejudicial evidence violates due process. *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Greel argues that we should infer this specific protection for criminal defendants from the Supreme Court's cases holding that errors that undermine the fundamental fairness of a criminal trial justify granting the writ. *See, e.g., Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Estelle v. McGuire*, 502 U.S. 62, 70 (1991). But "[u]nder AEDPA, even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." *Holley*, 568 F.3d at 1101 (quoting 28 U.S.C. § 2254(d)). The Supreme Court has made no such ruling with regard to prejudicial evidence, *id.*, and thus we may not issue the writ.

We construe the briefed but uncertified claim that insufficient evidence supports Greel's conviction of kidnapping to commit rape as a motion to expand

the certificate of appealability.  So construed, the motion is denied.  *See* 9th Cir. R. 22–1(e).

AFFIRMED.