**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE ANTHONY LINDER, | No. 10-16407 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00425-HDM-RAM |
| v. | |
| BILL DONAT and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted April 20, 2012
San Francisco, California

Before: McKEOWN and N.R. SMITH, Circuit Judges, and BENITEZ, District Judge.[**]

Eugene Anthony Linder, a Nevada state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his murder

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

conviction and sentence of life with possibility of parole after ten years. Linder contends his guilty plea, entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), was not knowing, intelligent, and voluntary, and that his counsel rendered ineffective assistance by misadvising him as to the potential sentence as a result of the *Alford* plea. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.[1]

Linder's statements at the plea colloquy and in the guilty plea agreement, coupled with the charges in the information, provided sufficient "strong factual basis," *see Alford*, 400 U.S. at 38, from which a reasonable jury could find that Linder strangled the victim and that he did so with malice aforethought. *See United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1976) (per curiam) ("The court need not be convinced beyond a reasonable doubt that an accused is guilty. It need only be convinced that there is sufficient evidence to justify the reaching of such a conclusion."). The Nevada Supreme Court's conclusion that this evidence was sufficient to support a charge of second degree murder was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Moreover, Linder's statements in the plea agreement and in response to the trial court's questions at the plea colloquy indicated his "clearly expressed

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

desire" to enter the plea, *see Alford*, 400 U.S. at 38, especially in light of the mandatory life sentence without possibility of parole or with possibility of parole after twenty years that he might have received if he was convicted of first degree murder. *See id.* at 31 (an *Alford* plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant").

Similarly, considering the options available to Linder at the time of the plea colloquy, the Nevada Supreme Court's conclusion that he suffered no prejudice from his counsel's alleged misadvisement as to the potential sentence was not unreasonable. First, there was no prejudice because the plea agreement clearly informed Linder that he could be sentenced to life imprisonment with a possibility for parole after ten years. *See Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007). Second, in light of the State's "formidable" case against him, *see Premo v. Moore*, 131 S. Ct. 733, 744 (2011), Linder failed to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Linder's motion to expand the certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Linder's request for judicial notice is granted.

**AFFIRMED**.