**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMILIO J. BLEA,

  Petitioner - Appellant,

v.

MARK NOOTH; SNAKE RIVER
CORRECTIONAL INSTITUTION,

  Respondents - Appellees.

No. 09-36129

D.C. No. 3:07-cv-01540-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 8, 2012[**]
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

  Petitioner-appellant Emilio J. Blea ("Blea") appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

aggravated murder, in violation of Or. Rev. Stat. § 163.095, and robbery in the first degree, in violation of Or. Rev. Stat. § 164.415. Blea claims that the advice provided by his trial counsel was constitutionally inadequate, thereby rendering his guilty plea to aggravated murder unknowing and involuntary. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The Oregon state court's rejection of Blea's claim was neither contrary to nor an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). According to Blea, his counsel failed to explain that aggravated murder requires intent to kill the victim and, further, that if he lacked such intent, he could only be convicted of felony murder (a lesser-included offense). But Blea's self-serving statements during post-conviction proceedings cannot overcome his admissions before the trial court and in his Plea Petition to the contrary, including that he understood the charges against him and that he had "personally and intentionally caused the death" of the victim. *See Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) ("Solemn declarations in open court carry a strong presumption of verity." (internal quotation marks and citation omitted)).

**AFFIRMED.**

2