**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHLEY LOWE, | No. 16-55074 |
| Petitioner-Appellant, | D.C. No. 10-cv-02795-JVS-KES |
| v. | |
| DEBORAH K. JOHNSON, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before: GRABER, SACK,** and MURGUIA, Circuit Judges.

In this comeback case, petitioner Ashley Lowe appeals the district court's

denial of her petition for habeas corpus. After pleading no contest to second-

degree murder and being sentenced to a term of sixteen years' to life

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Robert D. Sack, United States Circuit Judge for the Court
of Appeals for the Second Circuit, sitting by designation.

imprisonment, Lowe petitioned for habeas relief in the Los Angeles County Superior Court, a California Court of Appeal, and the California Supreme Court, asserting that (1) her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated when she was questioned prior to her arrest, and (2) she received ineffective assistance of counsel in connection with her no-contest plea. After her state-court petitions were denied, Lowe filed the instant habeas corpus petition in the District Court for the Central District of California.

We previously reversed the district court's decision dismissing Lowe's petition as untimely, concluding that the district court had abused its discretion in failing to address Lowe's equitable tolling claims. *Lowe v. Johnson*, 584 F. App'x 702, 703 (9th Cir. 2014) (unpublished disposition). On remand, the district court again dismissed Lowe's petition, this time on the merits. We affirm.

1. "We review de novo a district court's decision to deny a petition for habeas corpus." *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). Where a state court adjudicated the habeas petitioner's claim on the merits, our review is governed by the deferential standard established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq. Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). Under AEDPA, a habeas petitioner is not entitled to relief unless the state court proceeding (1) "resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding," 28 U.S.C. § 2254(d)(2); or (2) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *id.* § 2254(d)(1); *Hibbler*, 693 F.3d at 1146. In applying this standard, "[w]e review the state court's last reasoned decision." *Towery v. Ryan*, 673 F.3d 933, 944 (9th Cir. 2012) (per curiam) (internal quotation marks omitted).

2. The district court correctly concluded that the Los Angeles Superior Court's dismissal of Lowe's ineffective-assistance claim was neither (1) based on an unreasonable determination of the facts, nor (2) contrary to, or an unreasonable application of, clearly established federal law. The Superior Court rejected Lowe's ineffective-assistance claim on the ground that the record evidence refuted Lowe's allegation that her attorney did not adequately explain the plea agreement to her. This determination was not objectively unreasonable. *See Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) ("[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."). In addition to indicating on the plea form that she had reviewed the plea agreement

3

with her attorney, Lowe affirmed on the record at the plea hearing that she was entering into the plea agreement freely and voluntarily, that she had discussed the plea form with her attorney, and that she understood its contents. Lowe's attorney similarly affirmed that he had explained Lowe's rights to her and discussed the plea agreement with her. "[T]he representations of the defendant [and] his lawyer [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings," and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012) ("Petitioner's statements at the plea colloquy carry a strong presumption of truth."). Because Lowe has not offered any credible explanation for the contradiction between her sworn statements and the allegations in her habeas petition, the Superior Court could have reasonably concluded that she failed to overcome that presumption. *See Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting a habeas petitioner's allegation that he received ineffective assistance when his counsel neglected to discuss his potential defenses with him because that "assertion [was] completely contrary to his statement in the plea agreement that [he] ha[d] discussed with [his] attorney any possible defenses, defense strategies and circumstances which might be in [his] favor" (internal quotation marks omitted)).

4

3. Lowe argues that the Superior Court was required to hold an evidentiary hearing before rejecting her ineffective-assistance claim as refuted by the record. However, "[a] state court's decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable so long as the state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question." *Hibbler*, 693 F.3d at 1147. Accordingly, where, as here, "the evidence before the state court, taken as a whole, clearly belie[s] [the petitioner's] allegations," "no such hearing is required." *Id.* at 1148.

4. The Superior Court's rejection of Lowe's ineffective-assistance claim was also consistent with clearly established federal law. To prevail on this claim, Lowe was required to show that (1) her attorney's performance was constitutionally deficient, and (2) there is a reasonable probability that, but for her attorney's unprofessional errors, Lowe would have gone to trial rather than pleading no contest. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Here, the Superior Court could have reasonably determined that Lowe could not satisfy either prong of this analysis: Because the record showed that Lowe's attorney did explain the plea agreement to her, Lowe could not establish that her counsel was deficient in failing to do so; nor could she demonstrate that she was prejudiced by any such failure.

5

5. The Superior Court also properly determined that Lowe's *Miranda* claim, as pleaded, is not cognizable on habeas review. In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Supreme Court held that "[w]hen a criminal defendant [pleads guilty] . . . he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," *id.* at 267. Rather, he may assert only a "*McMann* claim" attacking the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was "not 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 266 (quoting *McMann v. Richardson*, 397 U.S. 770, 771 (1970)). We agree with the district court that, contrary to Lowe's contention, her *Miranda* claim, however liberally construed, cannot be characterized as a *McMann* claim, and that the Superior Court therefore properly dismissed this claim as an improper matter for habeas review.

**AFFIRMED.**