**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS RODRIGUEZ, AKA Joel Castillo, AKA Shorty, <br><br>            Petitioner-Appellant, <br><br>    v. <br><br> UNITED STATES OF AMERICA, <br><br>            Respondent-Appellee. | No.    17-56680 <br><br> D.C. Nos.    2:16-cv-05987-MWF <br>                  2:13-cr-00542-MWF-4 <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 15, 2019
Pasadena, California

Before: WARDLAW and COLLINS, Circuit Judges, and SETTLE,** District
Judge.

Juan Carlos Rodriguez ("Rodriguez") appeals the district court's denial of

his 28 U.S.C. § 2255 motion to vacate his 2015 conviction and sentence for

conspiracy to possess with intent to distribute and to distribute at least 50 grams of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. We have jurisdiction under 28 U.S.C. § 2253. The district court did not err when it summarily denied Rodriguez's motion. Therefore, we affirm.[1]

The district court did not err when it denied Rodriguez's motion for lack of prejudice. *Womack v. Del Papa*, 497 F.3d 998, 1001 (9th Cir. 2007) (reviewing the district court's denial of a section 2255 motion de novo). Rodriguez contends that his guilty plea was not voluntary because his lawyer misrepresented that his federal sentence would run entirely concurrently with a state sentence he was already serving based on the same criminal acts. "[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" constituted ineffective assistance—that is, that the advice constituted deficient performance and prejudiced the defense. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *see also id.* at 58–59.

Even if Rodriguez's attorney did represent that the two sentences would run entirely concurrently, Rodriguez fails to demonstrate that he was prejudiced by this advice. *Womack*, 497 F.3d at 1003 (citing *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (holding prejudice not established when the plea

---

[1] In addition, the government's unopposed motion to supplement the record on appeal, Docket No. 23, is granted.

agreement and plea colloquy "alerted [the defendant] to the potential consequences of his guilty plea")). The district judge advised Rodriguez during the Rule 11 plea colloquy that he was not guaranteed a concurrent sentence and that it was "up in the air how any federal sentence might run" with the state sentence. Accordingly, he fails to demonstrate the requisite prejudice.

Rodriguez's argument that his plea agreement was vague and misleading because it failed to specify a date when the "undischarged portion" of the sentence would begin to run does not change this result. A federal sentence begins to run no earlier than the date it is imposed. *See* 18 U.S.C. § 3585(a). In this case, the district court imposed Rodriguez's sentence on August 6, 2015, which became the operative date for the Bureau of Prisons ("BOP") to determine the remaining, or undischarged, portion of his state sentence.[2] Moreover, the district judge informed Rodriguez at sentencing that the BOP would determine the credit he would receive for the state sentence, and Rodriguez did not object or seek to withdraw his plea.

For these same reasons, the district court did not abuse its discretion in

---

[2] Rodriguez's attorney did successfully move to continue the sentencing hearing five times, which had the practical effect of increasing the length of his overall incarceration by delaying the date on which his federal sentence would begin to run concurrently with the state sentence he was then serving. However, in his motion Rodriguez did not allege ineffective assistance based on his attorney's decisions to continue the hearing, and the record reveals that the attorney reasonably requested most of the continuances to determine Rodriguez's eligibility for statutory sentencing relief.

17-56680

denying Rodriguez's petition without an evidentiary hearing; the record conclusively shows that Rodriguez cannot establish prejudice. *Doganiere*, 914 F.2d at 168.

**AFFIRMED.**