**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35781 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00034-RRB-1 |
| v. | |
| CHRISTOPHER THOMAS MEJIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 4, 2021**
Anchorage, Alaska

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Christopher Mejia appeals the denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence for conspiracy to distribute and possess

with intent to distribute heroin, attempt to possess with intent to distribute heroin,

and possession of a firearm in furtherance of drug trafficking. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's denial of a § 2255 motion, *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc), and its factual findings and credibility determinations for clear error, *Jones v. Shinn*, 943 F.3d 1211, 1220 (9th Cir. 2019). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

In his § 2255 motion, Mejia argued that his trial counsel provided ineffective assistance in connection with a plea offer that the prosecutor allegedly made on the eve of trial on July 19, 2013. The district court denied the motion, concluding that there was no basis to believe that the prosecutor made the offer. Mejia then requested a certificate of appealability ("COA") from the district court. In that request for COA, Mejia argued that trial counsel was ineffective because he failed to discuss a different, June 18, 2013 plea offer with him before it lapsed. The district court denied Mejia's request for a COA, and, to the extent that the request for COA advanced "matters that were not addressed in [Mejia's] initial filings," further denied Mejia's request as a motion to reconsider dismissal of his § 2255 petition. This court granted Mejia's renewed COA, which, like his request for COA before the district court, argued that trial counsel was ineffective for failing to timely present the June 18, 2013 offer.

Assuming without deciding that Mejia's claim concerning the June 18, 2013 plea offer is not waived, Mejia cannot succeed on a claim of ineffective assistance of counsel because he cannot prove that his "counsel's representation fell below an

2

objective standard of reasonableness" and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

There is no evidence that trial counsel did not use the extension granted by the prosecutor at trial counsel's request to convey the June 18, 2013 offer to Mejia before it expired, and trial counsel averred that although he communicated this offer to Mejia, Mejia "was not willing to accept" it. Mejia's unsupported speculation that the offer lapsed, without more, does not meet his burden of overcoming the "strong presumption that counsel 'rendered adequate assistance.'" *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690); *see Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (concluding that petitioner failed to demonstrate that he received ineffective assistance in the absence of any evidence beyond his "own self-serving statement" that his attorney rendered deficient performance).

Mejia further failed to show prejudice, the second part of the *Strickland* framework, because he has not "demonstrate[d] a reasonable probability [he] would have accepted" the June 18, 2013 plea offer, which was open-ended as to sentence length. *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

Mejia also cannot meet *Strickland*'s standard with respect to the alleged July 19, 2013 offer. The district court did not clearly err in finding that the only formal

3

plea offer the prosecution extended to Mejia was the June 18, 2013 offer communicated to trial counsel in writing via email as there was no evidence— aside from Mejia's self-serving declaration—that the prosecution extended an offer with a fixed, ten-year sentence on the eve of trial or at any other time. *See Jones*, 943 F.3d at 1220; *Womack*, 497 F.3d at 1004. Neither trial counsel nor the prosecutor had any recollection or documentation of the supposed July 19, 2013 offer. In the absence of any reliable evidence supporting the existence of the alleged July 19, 2013 plea offer, Mejia also cannot show prejudice by demonstrating "a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

**AFFIRMED.**