**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35336 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00028-TMB-1 |
| v. | |
| SPRESIM ALIMI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted June 8, 2022[**]
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Spresim Alimi appeals the denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.      Alimi has not established that he was prejudiced by his attorney's alleged failure to explain to him that the seized cash and value of the down payment on the Dodge Viper could be converted to drug quantities for purposes of calculating the base offense level, or that he could be subject to an enhancement for maintaining a premises for the purpose of distributing a controlled substance. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Alimi's plea agreement stated that it contained no agreement as to the sentence. The district court also advised Alimi during the plea colloquy that he might receive a harsher sentence than he anticipated. Alimi affirmed that he understood and that he still wished to plead guilty. In view of the totality of the circumstances, Alimi has not shown that he was prejudiced by his counsel's performance. *See Womack v. Del Papa*, 497 F.3d 998, 1003–04 (9th Cir. 2007).

Nor has Alimi established prejudice from his attorney's failure to object to the conversion. *See Hill*, 474 U.S. at 59. In his filings in the district court, Alimi conceded that $19,646 in cash and $4,920 paid toward the Dodge Viper were appropriately converted to drug quantities. When added to the physical oxycodone pills seized from Alimi, these amounts alone are sufficient to produce the base offense level of 30 that the district court applied at sentencing. There is thus no

reasonable probability that Alimi's decision to plead guilty or sentence would have been affected by the advice Alimi argues that counsel was deficient in failing to provide, or by an objection related to the conversion of additional money that had no further effect on the base offense level. *Id.*

2.    We expand the certificate of appealability to encompass the uncertified claim presented in Alimi's briefs, 28 U.S.C. § 2253(c), but we reject the claim on the merits. The district court correctly concluded that Alimi was not prejudiced by his counsel's failure to file a motion to withdraw his guilty plea because there was no reasonable probability that such a motion would have been granted. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *United States v. Garcia*, 909 F.2d 1346, 1348–49 (9th Cir. 1990).[1]

**AFFIRMED.**

---

[1] Because we conclude that Alimi has not established prejudice, we do not address whether his counsel performed deficiently by failing to file such a motion.