NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-35297 |
| Plaintiff-Appellee, | D.C. No.<br>1:16-cr-02058-MKD-1 |
| v. | |
| DARRYL WILLIAM YOUNG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted March 25, 2025**
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL,*** District Judge.

Darryl Young appeals from the district court's denial of his 28 U.S.C. §

2255 petition. We granted a certificate of appealability on Young's ineffective

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

assistance of counsel claim, which was denied without an evidentiary hearing.  We review the district court's denial of the § 2255 petition de novo, and its denial of an evidentiary hearing for abuse of discretion.  *United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022).  As the parties are familiar with the facts, we do not recount them here.  We affirm.

1.  Young argues he received ineffective assistance of counsel in the lead-up to his guilty plea.  To prevail, Young must establish both: (1) that counsel's performance fell "below an objective standard of reasonableness," and (2) prejudice, defined as a reasonable probability that, "absent his attorney's incompetence, [he] would 'rational[ly]' have 'reject[ed] the plea bargain[.]'"  *Id.* at 1213 (citations omitted).  Courts need not "address both components of the inquiry if the defendant makes an insufficient showing on one."  *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Young pled guilty to five counts of bank robbery pursuant to a Plea Agreement in which Young and the government agreed to recommend 71-month and 135-month custodial sentences, respectively.  According to Young, his attorney misadvised him that the court could not sentence him outside of the 71-to-135-month range.  He agreed to the plea terms and was sentenced to 180 months.

Assuming Young's conversation with his attorney occurred exactly as alleged, and that his attorney's performance was deficient, Young cannot establish

prejudice "because the plea agreement and the . . . district court's plea canvass alerted" Young to the possibility of a sentence as high as the statutory maximums. *Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007).

Counts 1, 2, and 5 carried a maximum sentence of 300 months (25 years), and Counts 3 and 4 carried a maximum sentence of 240 months (20 years). Clause Three of the Plea Agreement, titled "The Court is Not a Party to the Agreement," stated: "Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant[,] . . . [and] may, in its discretion, impose any sentence it deems appropriate *up to the statutory maximums stated in this Plea Agreement*" (emphasis added).

At the change-of-plea hearing, the court confirmed Young's knowledge that his charges carried statutory maximum sentences, and Young correctly recounted the 25- and 20-year maximums associated with his charges. The court also confirmed Young's understanding that the Plea Agreement was "between [him] and the government," that the court "is not a party," and that it did not have to accept the parties' guidelines calculation, nor its recommended sentences. Young confirmed he understood and wished to proceed with his plea.

In cases involving similar issues about a defendant's sentencing exposure, we have held that defendants who were properly notified of their sentencing exposure during the plea colloquy could not show prejudice. *See, e.g., Chua Han*

*Mow v. United States*, 730 F.2d 1308, 1311 (9th Cir. 1984) (though defendant alleged ineffective assistance of counsel, his claim failed because "sentencing court adequately informed [defendant] of the maximum possible sentence"); *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (defendant's attorney "erroneously told him sentences on all four counts would run concurrently" under plea, but defendant "failed to show this act prejudiced him"). That the court did not explicitly state that it could sentence above the government's 135-month offer does not change our conclusion, as the scope of the court's sentencing discretion was clear. Thus, we affirm the district court's denial of the ineffective assistance of counsel claim for lack of prejudice.

2. Young also argues the district court abused its discretion when it denied his § 2255 petition without an evidentiary hearing. "Section 2255 requires that the district court grant a petitioner's motion to hold an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996) (quoting 28 U.S.C. § 2255). Without wading into the credibility of Young's allegations, it is clear that Young is not entitled to relief based on the Plea Agreement and plea colloquy alone. Thus, the district court did not abuse its discretion by denying the claim without an evidentiary hearing.

**AFFIRMED**.

4