NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN D. POWELL, | No. 22-55787 |
| Petitioner-Appellant, | D.C. No. 5:21-cv-02052-DOC-PVC |
| v. | |
| FIDENCIO GUZMAN, Warden,[*] | MEMORANDUM[**] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 23, 2025[***]
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE,[****] District Judge.

Petitioner Shawn D. Powell appeals from the district court's final judgment

---

[*] The Clerk's Office is directed to substitute respondent "Fidencio Guzman, Warden," for respondent "Heather Shirley, Acting Warden."

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****] The Honorable Douglas Russell Cole, United States District Judge Southern District of Ohio, sitting by designation.

and order denying his 28 U.S.C. § 2254 petition. He alleges ineffective assistance of counsel ("IAC") during his trial. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review a district court's decision denying a § 2254 petition de novo and its underlying factual findings for clear error. *Lambert v. Blodgett*, 393 F.3d 943, 964–65 (9th Cir. 2004). We may not grant habeas relief for claims rejected by a state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

To succeed on his IAC claim, Powell must show that his counsel's acts or omissions were so deficient that they "fell below an objective standard of reasonableness" and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

Because the parties are familiar with the facts of this case, we do not repeat them here. We affirm.

1. Powell failed to show that his trial counsel's concession of guilt on the vandalism and violation-of-protective-order charges fell below an objective standard of reasonableness. Powell argues that the concessions undermined "[t]rial counsel's chosen defense strategy [of challenging] the credibility of the witnesses." But the

Supreme Court and the Ninth Circuit have recognized the reasonableness of conceding arguments that would be hard to contest in order to shore up counsel's credibility. *United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); *United States v. Thomas*, 417 F.3d 1053, 1058 (9th Cir. 2005). Here, the evidence strongly supported the conceded charges. The broken window observed by Deputy Duane Parrish supported the vandalism charge and suggested the "negative contact" required for the violation-of-protective-order charge. The violation-of-protective-order charge was supported by the stipulation establishing the existence of the protective order. The transcript from the 911 call and the body camera footage from Deputy Jay Yu both indicate that Powell and the victim had been arguing. Given this and other evidence, trial counsel's decision, which preserved her credibility by not disputing minor charges for which there existed strong evidence in addition to Nicassio's and Cobb's statements, fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Trial counsel's concession allowed her to challenge witness credibility with respect to the more serious charges, which were supported by less independent evidence. The district court correctly concluded that the state court's decision satisfies the § 2254(d) standard.

2. Powell failed to show that his trial counsel's failure to investigate and present documentary evidence that Powell lived in the victim's house to rebut the burglary charge either fell below an objective standard of reasonableness or resulted

3

in prejudice to Powell. Powell does not contest the government's assertion that he has never provided any of the documentary evidence he claims exists, including in support of his habeas petition. His only support for the existence of the documentary evidence is his "own self-serving statement," which is insufficient to show that the state court's application of *Strickland* was objectively unreasonable. *Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007).

Even if Powell had presented the documentary evidence, he would still have had to show how the documentary evidence could have provided a defense to burglary. Under California law, "[t]o sustain a burglary conviction, the People must prove that a defendant does not have an unconditional possessory right to enter his or her family residence." *People v. Davenport*, 268 Cal. Rptr. 501, 505 (Cal. Ct. App. 1990). The record does not indicate that Powell owned the property, paid rent, had a key, or left personal belongings at the property. The record also establishes that Powell had been released from prison for domestic violence just days earlier, and that the victim had a restraining order against him. As a result, the district court correctly deemed reasonable the state court finding that Powell had no "unconditional possessory right" to enter the victim's home.

3. Powell did not show that his trial counsel's failure to investigate and present evidence of a voluntary intoxication defense fell below an objective standard of reasonableness. Under California law, voluntary intoxication can negate specific

4

criminal intent but not general criminal intent. *People v. Williams*, 29 P.3d 197, 204 (Cal. 2001). While burglary is a specific intent crime, *In re T.A.J.*, 73 Cal. Rptr. 2d 331, 339 (Cal. Ct. App. 1998), and thus could be negated by the jury's conclusion that Powell was voluntarily intoxicated, inflicting corporal injury on an intimate partner requires only general intent, *People v. Burton*, 196 Cal. Rptr. 3d 392, 397 n.8 (2015). If trial counsel had raised a voluntary intoxication defense, she reasonably might have expected the jury to be more likely to convict Powell of domestic violence. Powell was ultimately sentenced to eleven years and four months in prison for inflicting corporal injury on an intimate partner and only sixteen months for burglary. Given the relative severity of the charges, the district court reasonably determined that trial counsel was not deficient in deciding not to argue a defense against the lesser burglary charge that may have increased Powell's likelihood of being convicted of the more serious domestic violence charge. *See Strickland*, 466 U.S. at 689.

4. Powell failed to show that he suffered any prejudice from his trial counsel's failure to investigate and present evidence of mental health issues. He claims that such evidence "would have provided support for his voluntary intoxication defense and important context at trial for the circumstances of the alleged conduct." But because trial counsel reasonably decided not to pursue the voluntary intoxication defense, evidence supporting that defense would not have impacted the trial. Powell

also fails to explain how providing "important context" for the circumstances surrounding his conduct would have impacted the trial outcome, so Powell fails to show prejudice.

The district court's order is **AFFIRMED**.